IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE STOVALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 6988 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| CIRCUIT COURT OF COOK COUNTY, LAW DIVISION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Because the Court does not have subject matter jurisdiction over Plaintiff's claims, the Court denies Plaintiff's motion to proceed in forma pauperis [4] and motion for attorney representation [5]. The Court dismisses this lawsuit in its entirety. Civil case terminated.

## STATEMENT

On September 9, 2014, pro se Plaintiff Grace Stovall filed the present lawsuit against the Circuit Court of Cook County and Circuit Court Judges James O'Hara and John Kirby. In addition, Plaintiff seeks to proceed in forma pauperis in lieu of paying the $400 filing fee, *see* 28 U.S.C. § 1915(a)(1) and requests attorney representation. After screening pro se Plaintiff's Complaint, the Court dismisses this lawsuit in its entirety because the Court does not have subject matter jurisdiction. Plaintiff's motions for attorney representation and to proceed in forma pauperis are thus moot.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond a party's financial status and review her claims to determine whether the action she alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal set forth in 28 U.S.C. § 1915(e)(2)(B)); *Gay v. Chandra,* 682 F.3d 590, 595 (7th Cir. 2012) (same). Also, federal courts may raise their subject matter jurisdiction at any stage of the proceedings. *See Wellness Int'l Network, Ltd. v. Sharif,* 727 F.3d 751, 768 (7th Cir. 2013).

## BACKGROUND

Construing her pro se Plaintiff's allegations liberally, *see Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014), she asserts that Judge O'Hara informed her that she was not allowed to present herself pro se in the state court action *Stovall v. Madison Park Prop. Owners*

*Assoc.*, 2012-L-012872. Plaintiff further alleges that on August 18, 2014, Judge Kirby unlawfully dismissed her state court lawsuit before the October 2, 2014 status date in the Cook County Circuit Court. She maintains that she immediately filed a motion to reinstate this case. Based on this conduct, Plaintiff alleges that she is suffering financial ruin and is living in pain and poverty. She also contends that she is a direct victim of public fraud and corruption.

## ANALYSIS

First, construing her pro se allegations liberally, it appears that Plaintiff is asking the Court to review the Circuit Court of Cook County's rulings, which the Court cannot do under the *Rooker-Feldman* doctrine. *See Commonwealth Plaza Condo. Ass'n v. City of Chicago,* 693 F.3d 743, 745 (7th Cir. 2012). More specifically, the *Rooker–Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the [federal] proceedings commenced." *Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012) (quotation omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (citing 28 U.S.C. § 1257). The rationale behind the doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown,* 668 F.3d at 442 (citation omitted). A state court litigant seeking review of a state court judgment, therefore, "must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med–1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008). Therefore, the Court dismisses Plaintiff's lawsuit because it does not have subject matter jurisdiction to hear this claim.

Second, Plaintiff is bringing claims against individual Defendants, namely, the Circuit Court Judges, who are absolutely immune from liability. *See Coleman v. Dunlap,* 695 F.3d 650, 652 (7th Cir. 2012). As the Seventh Circuit teaches, "[a]bsolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *See Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004). Therefore, the Court dismisses this lawsuit on this basis, as well.

**Dated**: September 12, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**

2